### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**BMO HARRIS BANK N.A.,**

    **Plaintiff,**

**v.**

**ROBERT SMITH,**

    **Defendant.**

**Case No. 16-2815-DDC-TJJ**

### CHARGING ORDER AND ACCOMPANYING MEMORANDUM OPINION

Plaintiff and judgment creditor BMO Harris Bank N.A. has secured a judgment in its favor and against defendant and judgment debtor Robert Smith in the amount of $1,431,356.69, plus post-judgment interest at the rate of 2.58% per annum.  Doc. 52.  Defendant admits that he has paid "[n]o amounts" to satisfy the judgment.  Doc. 58 at 1.  Plaintiff alleges that defendant holds a membership interest in R & M Land, LLC.  Doc. 56 at 1 (¶ 3); Doc. 61 at 1 (¶ 2).  Defendant and R & M Land, LLC concede that defendant is a member of R & M Land, LLC.  Doc. 58 at 1; Doc. 60 at 1 (¶ 3).

Invoking Kan. Stat. Ann. § 17-76,113 and Fed. R. Civ. P. 69, plaintiff has filed an Application for Charging Order (Doc. 56).  Defendant has filed his Opposition (Doc. 58) and "interested party" R & M Land, LLC has filed an Opposition (Doc. 60).  Plaintiff has filed a Reply (Doc. 61).

The court first considers whether it has jurisdiction to issue the requested charging order.  Concluding that it has jurisdiction to enter such an order, it considers the method of payment of any distributions from R & M Land, LLC to plaintiff.

## I. Jurisdiction

Fed. R. Civ. P. 69(a)(1) authorizes plaintiff's post-judgment request for an LLC charging order. It provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Because no federal statute applies, the court turns to the Kansas statute governing the rights of judgment creditors to proceed against a judgment debtor's interest in a limited liability company to satisfy the judgment. That Kansas statute—Kan. Stat. Ann. § 17-76,113(a)—provides, "[o]n application by a judgment creditor of a member . . . a court having jurisdiction may charge the limited liability company interest of the judgment debtor to satisfy the judgment." Kansas law defines a "limited liability company interest" as "a member's share of the profits and losses of a limited liability company and a member's right to receive distributions of the limited liability company's assets." Kan. Stat. Ann. § 17-7663(g). And it defines a "limited liability company" as a "limited liability company formed under the laws of the state of Kansas and having one or more members." Kan. Stat. Ann. § 17-7663(g). Applying these definitions to Kan. Stat. Ann. § 17-76,113, the statute authorizes the court to charge an LLC member's share of the profits and losses and right to receive distributions of assets from the LLC if it was formed under Kansas law. Defendant acknowledges that R & M Land, LLC is a Kansas limited liability company, and that he is a member of it. Doc. 58 at 1. The court thus concludes it has jurisdiction to enter the requested Charging Order.

## II. Method of Payment

The parties dispute the method of payment of any distributions from R & M Land, LLC. Doc. 58 at 3–4; Doc. 61 at 2 (¶ 5). Plaintiff asks the court to order that any distributions due to

defendant because of his membership interest in R & M Land, LLC should "be placed into the court registry" for distribution to plaintiff.  Doc. 61 at 2; Doc. 61-1 at 1 (Proposed Order).  Defendant objects to this proposal for two reasons:  (1) he contends that depositing payments from R & M Land, LLC with the court is inconsistent with Fed. R. Civ. P. 67 (citing *United States v. McDonald Grain & Seed Co.*, 135 F. Supp. 854, 860 (D.N.D. 1955)), and (2) he contends that "there is no reason to pay the money into the Court Clerk's office, have it sit there for at least two weeks or more, and continue accruing interest on the judgment against [defendant], until the Court Clerk pays it out to Plaintiff."  Doc. 58 at 3.  Plaintiff disagrees.  It responds that Rule 67 "provides broad authority for funds to be deposited into the Court registry."  Doc. 61 at 2.  And, plaintiff contends, defendant's "sudden concerns about accruing interest are surprising, given that he has not paid a cent toward satisfaction of the Judgment."  *Id.*

The court agrees with defendant.  Plaintiff hasn't invoked any authority for the court to order R & M Land, LLC to pay distributions due to defendant into the court's registry for disbursement to plaintiff.  Fed. R. Civ. P. 67(a) provides that "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money . . . a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money . . . ."  "Rule 67 is a procedural device intended to provide a place for safekeeping for disputed funds pending resolution of a legal dispute . . . ."  *Brady v. Basic Research, L.L.C.*, 312 F.R.D. 304, 306 (E.D.N.Y. 2016) (citation, internal quotation marks, and alteration omitted).  In short, Rule 67 does not contemplate the court ordering a party to pay an undisputed sum of money into the court's registry to satisfy a judgment.

But Kan. Stat. Ann. § 17-76,113—applicable through Fed. R. Civ. P. 69(a)(1)—permits the court to "charge the limited liability company interest of the judgment debtor to satisfy the

3

judgment." In two Charging Orders issued in this district, the court has ordered the limited liability company to pay distributions due to the judgment debtor directly to the judgment creditor. *See* Charging Order Pursuant to K.S.A. § 17-76,113, *Vision Mktg. Res., Inc. v. McMillin Grp., LLC*, No. 10-2252-KHV (D. Kan. July 15, 2015), ECF No. 68 at 2 (ordering LLCs to pay any money or property due to judgment debtors "directly to [judgment creditor] until the amount remaining due on the Judgment, plus all accrued interest and costs thereon, is paid in full."); Charging Order Against Kansas Limited Liability Company Interest, *Meyer v. Christie*, No. 07-2230-CM (D. Kan. Oct. 13, 2011), ECF No. 437 at 2 (ordering judgment debtors to provide judgment creditors with "their written acknowledgment, under penalty of perjury, that all those distributions will be paid directly to Judgment Creditors, c/o their counsel . . . , rather than to Judgment Debtors, until the judgment plus interest is satisfied in full . . . ."). Consistent with these Orders, the court orders R & M Land, LLC to pay any distributions due to defendant and judgment debtor Robert Smith directly to plaintiff and judgment creditor BMO Harris Bank N.A. until the judgment and all accrued interest is paid in full.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** under K.S.A. § 17-76,113, as made applicable by Fed. R. Civ. P. 69(a)(1), the membership interests of Robert Smith, defendant and judgment debtor, in R & M Land, LLC are charged with payment of the unsatisfied amount of the judgment, including interest and costs.

---

[1] Plaintiff's Proposed Order directs the United States Marshals Service to serve this Charging Order on R & M Land, LLC by leaving a copy with its registered agent, Robert E. Smith, at 5718 Oakview Street, Shawnee, Kansas 66216. Doc. 61-1 at 2. Again, plaintiff hasn't invoked any authority justifying this request. Plaintiff does not proceed *in forma pauperis* nor has it provided a reason that service by the United States Marshal Service is warranted or necessary. The court thus declines to order the United States Marshals Service to serve a copy of this Charging Order on the registered agent for R & M Land, LLC. Plaintiff retains responsibility for effecting service of this Order.

**IT IS FURTHER ORDERED THAT** any distributions to Robert Smith by reason of his membership interest in R & M Land, LLC must be paid directly to plaintiff and judgment creditor BMO Harris Bank N.A., and interest shall continue to accrue until the judgment is satisfied.

**IT IS SO ORDERED.**

Dated this 3rd day of June, 2020, at Kansas City, Kansas.

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**